# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HASTINGS MUTUAL INSURANCE COMPANY,

                Plaintiff,

and

GETZ MAJDOCH INC., *doing business as* HALLOWEEN EXPRESS,

                Involuntary Plaintiff,

v.

HOUSE OF BOUNCE INC. and MICHAEL RUSSO, *doing business as* LARGER THAN LIFE INFLATABLES,

                Defendants.

Case No. 18-CV-1228-JPS

**ORDER**

        Plaintiff asserts products liability, breach of warranty, and negligence claims against Defendants for their role in manufacturing and selling a defective inflatable structure. (Docket #1-1). Plaintiff has settled his claims against Defendant Michael Russo ("Russo"). (Docket #12). A stipulation for Russo's dismissal from this action has been filed, (Docket #16), which the Court will adopt. Now, only Defendant House of Bounce, Inc. ("HOB") remains in this case. On October 26, 2018, Plaintiff requested entry of default against HOB. (Docket #13). The Clerk of the Court entered default against HOB on October 29, 2018. Plaintiff also moved for default judgment against HOB. (Docket #14). No response to the motion has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against HOB, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff explains its claim for damages in an affidavit of counsel attached to the motion. Counsel avers that Plaintiff's total damages were $101,774.18, which is the amount that it paid on behalf of Defendants on the insurance claim resulting from the damage caused by the defective inflatable structure. (Docket #1-1 at 2–3; Docket #14-1 at 2). Plaintiff has also provided a table itemizing the amounts it paid on the claim. (Docket #14-1 at 4). Russo settled for $15,000.00. *Id.* at 2. Thus, Plaintiff is still owed $86,774.18. *Id.*

Here, the claimed amount is easily capable of ascertainment from the allegations of the Complaint and the affidavits and exhibits accompanying Plaintiff's motion. This information demonstrates that Plaintiff paid an insurance claim on HOB's behalf, and that the claim was the result of HOB's

negligence, so it is therefore bound to make Plaintiff whole. Thus, the Court having determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiff's claimed amount is reasonably certain and well-supported, the Court will now grant Plaintiff's requested default judgment against HOB and award it the requested amount. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #14) be and the same is hereby **GRANTED**; Defendant House of Bounce, Inc. shall pay to Plaintiff the total sum of $86,774.18 together with post-judgment interest as provided by law;

**IT IS FURTHER ORDERED** that the stipulation for dismissal between Plaintiff and Defendant Michael Russo d/b/a Larger Than Life Inflatables (Docket #16) be and the same is hereby **ADOPTED**; Defendant Michael Russo d/b/a Larger Than Life Inflatables be and the same is hereby **DISMISSED** from this action **with prejudice** and without costs to any party; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge